## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| **ALPHONSO JONES, SR.** | ) | |
| | ) | **Case Number** |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL COMPLAINT** |
| | ) | |
| **T-MOBILE USA, INC.** | ) | |
| **&** | ) | |
| **EOS CCA** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants** | ) | |

_____)

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Alphonso Jones, Sr., by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

## I.   INTRODUCTORY STATEMENT

1.      Plaintiff, Alphonso Jones, Sr., is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, EOS, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as against both Defendants for violations of the New York General Business Law §349 and §601.

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that Defendant, T-Mobile, maintains a primary location in this District.

## III.  PARTIES

4.      Plaintiff, Alphonso Jones, Sr., (hereafter, Plaintiff) is an adult natural person residing in Jamaica, New York. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, T-Mobile, USA, Inc., (hereafter, Defendant, T-Mobile), at all times relevant hereto, is and was a corporation engaged in the business of providing wireless voice and data communication services and collecting on said services within the State of New York and the State of New Jersey with a primary location at 4 Sylvan Way, Parsippany, New Jersey 07054.

6.      Defendant, EOS CCA (hereafter, Defendant, EOS) at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York and the State of Massachusetts with a primary location at 700 Longwater Drive, Norwell, MA 02061.

7.      The Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendant, EOS, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  <u>FACTUAL ALLEGATIONS</u>

8.      In or around March, 2013, Defendant, EOS, started contacting the Plaintiff looking for payment on a past due wireless phone account on behalf of Defendant, T-Mobile.

9.      Plaintiff disconnected his cell phone service in January, 2013, and was unaware of any outstanding charges or fees due to Defendant, T-Mobile at that time.

10.     Defendant, EOS, informed the Plaintiff that he owed a balance of approximately $1,046.40 on reference number 686981097.

11.     Plaintiff was not informed at any time of his rights to dispute this debt.

12.     Despite informing Defendant, EOS, that he knew nothing of these charges, the Plaintiff continued to receive constant demanding calls for payment.

13.     After being harassed, pressured, and unsure what else to do, the Plaintiff finally agreed to make the payments as were said to be required.

14.     Plaintiff was mislead and misinformed that a credit card payment was all that could be accepted.

15.     On or about March 3, 2013, the Plaintiff made an initial payment to Defendant, EOS, for $300.00.

16.     Defendant, EOS, accepted the payment (Confirmation #224660514) and did not return it.

17.     In April, 2013, Plaintiff received a second, collection notice, this time, directly from Defendant, T-Mobile, who was now simultaneously collecting on the same account.

18.     Defendant, T-Mobile, however listed the Plaintiff's total amount due as $1,338.24.

19.     Defendant, T-Mobile, neither gave an explanation as to the near $300.00 increase in amount due nor did the collection letter reflect the $300 payment the Plaintiff made in the beginning of March 2013.

20.     While still confused and uncertain who, if anyone, he owed, Plaintiff made a second payment this time to Defendant, T-Mobile, again in the amount of $300.00.

21.     Defendant, T-Mobile, accepted this payment (Confirmation #223407927) and did not return any funds.

22.     In or around May, 2013, Plaintiff made a third payment also in the amount of $300.00.

23.     This payment was also accepted and not returned (Confirmation #223765822).

24.     Defendant, T-Mobile, still did not explain the increase in amount due, but still continued to collect from the Plaintiff.

25.     While still being deceived by both Defendants, Plaintiff paid the alleged final balance of $438.24 in May, 2013.

26.     As of early June, 2013, Plaintiff had made full payment totaling $1,338.24.

27.     Defendants, T-Mobile and EOS, clearly took advantage of the Plaintiff's confusion and uninformed ability to dispute a debt that he knew nothing about and that was being collected on simultaneously by both defendants.

28.     Despite now thinking that the debt was taken care of, Defendant, T-Mobile, contacted the Plaintiff on or about June 8, 2013, and insisted that he still owed an additional $300.00 balance for a "turn-off" fee.

29.     It is unclear, whether the $300.00 payment initially made to Defendant, EOS, was even put toward the Plaintiff's alleged account balance.

30.     The additional charge was said to be due on or before June 25, 2013 and paid via credit card directly to Defendant, T-Mobile.

31.     As of the filing of this complaint, Defendant, T-Mobile, is still contacting the Plaintiff daily looking for additional payment on this alleged account.

32.     The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

33.     Defendant, EOS, knew or should have known that their actions violated the FDCPA.  Additionally, Defendant, EOS, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

34.     At all times pertinent hereto, the Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

35.     At all times pertinent hereto, the conduct of the Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

### *Plaintiff v. EOS*

36.     The above paragraphs are hereby incorporated herein by reference.

37.     At all times relevant hereto, Defendant, EOS, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

38.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692d:          Any conduct the natural consequence of which is to harass, oppress, or abuse any person

§§ 1692d(5):       Caused the phone to ring or engaged any person in telephone conversations repeatedly.

§§ 1692e:          Any other false, deceptive, or misleading representation or means in connection with the debt collection

§§ 1692e(10):      Any false representation or deceptive means to obtain information about a consumer

§§ 1692f:          Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, EOS CCA, for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the interests of justice require.

d.      Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT II

### Violations of New York General Business Law §349

*Plaintiff v. EOS and T-Mobile*

39.     Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

40.     Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

41.     GBL §349 provides in relevant part as follows:

(a)     Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g)     This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

(h)     In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions.  The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section.  The court may award reasonable attorney's fees to a prevailing Plaintiff.

42.     As a direct and proximate result of Defendants deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendants.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.     Actual damages

b.     Statutory damages

c.     An award of reasonable attorney's fees and expenses and cost of suit; and

d.     Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT III

### Violations of New York General Business Law §601

*Plaintiff v. EOS and T-Mobile*

43.     Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

44.     Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

45.     GBL §601 provides in relevant part as follows:

(6)     Communicate with the debtor or any member of his family or household with such frequency or at such unusual hours or in such a manner as can reasonably be expected to abuse or harass the debtor;

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.


**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: July 16, 2013**

**BY:** _/s/  **Brent F. Vullings**_
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff